NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-3292

_____

UNITED STATES OF AMERICA,

v.

DYLAN IANNCELLI,

                                        Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(District Court No.: 1-22-cr-00176-001)
District Judge: Honorable Joseph H. Rodriguez

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 18, 2024

Before:  JORDAN, BIBAS, and AMBRO, <u>Circuit Judges</u>

(Opinion Filed: January 24, 2024)

OPINION[*]

**AMBRO**, <u>Circuit Judge</u>

Dylan Ianncelli appeals the sentence he received following a guilty plea to two counts charging him with conspiring to engage in the unlicensed dealing of firearms and possessing a firearm as a convicted felon. His counsel has filed an *Anders* brief, stating there are no nonfrivolous issues for review and seeking to withdraw from representing him on that basis. *Anders v. California*, 386 U.S. 738 (1967). Ianncelli has submitted a *pro se* brief raising two issues: ineffective assistance of counsel and the allegedly incorrect calculation of his criminal history category. For the reasons that follow, we agree there are no nonfrivolous issues on appeal; thus, we affirm and grant the request to withdraw.

Before the District Court, Ianncelli waived indictment and entered a guilty plea to the following counts: 1) conspiring to engage in the unlicensed dealing of firearms, in violation of 18 U.S.C. § 922(a)(1)(A), along with making false statements in connection with the purchase of a firearm, in violation of 18 U.S.C. § 922(a)(6)—both in violation of 18 U.S.C. § 371 (Count I); and 2) possessing firearms as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count II).

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ianncelli's plea agreement specified that Count I carried a statutory maximum sentence of five years, Count II carried a statutory maximum of ten years, and these sentences could run consecutively.

During the plea hearing, the District Court engaged in a thorough Rule 11 colloquy. Fed. R. Cr. P. 11. Ianncelli confirmed his plea was voluntary and stated that he understood, under the terms of his plea agreement, he was giving up his right to appeal his sentence if it fell within the United States Sentencing Guidelines range for an offense level of 29 (with the exception of an appeal of his criminal history category calculation).

Under the Guidelines, Ianncelli was assigned a total offense level of 29 and a criminal history category of VI, meaning his sentencing range was 151-188 months. But because the statutorily authorized maximum sentence was 180 months, the applicable Guidelines range was lowered to 151-180 months. *See* U.S.S.G. § 5G1.2(b).

The District Court sentenced Ianncelli to the lowest end of that range: 151 months of imprisonment (51 months on Count I and 100 months on Count II, to run consecutively). He also received two three-year terms of supervised release, to run concurrently. Ianncelli nonetheless appealed to us, whereupon his counsel filed an *Anders* brief stating there are no nonfrivolous issues for review and seeking to withdraw from representing him.[1] Ianncelli submitted a *pro se* brief in response, as permitted under our Local Rules. L.A.R. 109.2(a).

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

We agree with Ianncelli's counsel that there are no nonfrivolous issues on appeal.[2] As a preliminary matter, Ianncelli knowingly and voluntarily entered into a guilty plea, the terms of which prevent him from appealing his sentence (which is within the agreed-upon Guidelines range) except as to the calculation of his criminal history category.

In his *pro se* brief, Ianncelli raises two issues: ineffective assistance of counsel and the allegedly inaccurate calculation of his criminal history category. Neither provides a ground for altering his sentence. For his ineffective-assistance claim, Ianncelli contends his counsel influenced him to take a plea by stating the greatest sentence he could receive was ten years when in fact it was fifteen years. Ianncelli also alleges that his counsel did not argue at sentencing that his criminal history category was calculated incorrectly. For the former, erroneous sentencing predictions by defense counsel generally are not ineffective assistance where, as here, an adequate plea hearing was conducted. *See United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007) (listing cases). Here, the District Court asked Ianncelli if he understood the terms of his plea agreement immediately after the Government stated it provided a maximum possible sentence of fifteen years. App. 17. As to the criminal history calculation, Ianncelli's counsel *did* argue the criminal history category was incorrectly calculated at sentencing. App. 34-36.

---

[2] Ianncelli's counsel has filed a brief that fulfills his *Anders* obligations by thoroughly examining the record, identifying the issues arguably supporting the appeal, and explaining why those issues are frivolous. *See United States v. Langley*, 52 F.4th 564, 574 (3d Cir. 2022). Accordingly, we review the record, guided by his counsel's brief, in search of any nonfrivolous issues. *See id.* at 575. We have also considered the issues raised in Ianncelli's *pro se* response brief to inform our review, although that review is not required where an *Anders* brief is adequate. *Id.*

On the substance of his criminal history calculation, Ianncelli argues that four prior convictions, which were treated separately under U.S.S.G. § 4A1.2(a)(2), should instead have been treated as a single sentence, which would have resulted in a lower criminal history subtotal. He relies on the fact he was sentenced for each of the four convictions on the same date.

Like the District Court, we reject this argument because, as Ianncelli's counsel notes in his *Anders* brief, there were intervening arrests between each of the four offenses. U.S.S.G. § 4A1.2(a)(2) ("Prior sentences always are counted separately if [they] were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense).").

Accordingly, we affirm Ianncelli's sentence and grant his counsel's motion to withdraw.[3]

---

[3] Because the issues presented lack legal merit, there is no requirement for Ianncelli's counsel to file a petition for writ of certiorari to the United States Supreme Court. L.A.R. 109.2(b).